SCHEMM, Plaintiff and Respondent, vs. BRUCH and another, Defendants and Respondents: STREIM and another, Defendants and Appellants.

*September 8—October 14, 1947.*

230

232

For the appellants there was a brief by *McCue, Regan & McCue* of Milwaukee, and *George A. Hartman* of Juneau, attorneys, and *D. J. Regan* of Milwaukee of counsel, and oral argument by *D. J. Regan*.

For the respondent Esther Schemm there was a brief by *Mistele & Smith* of Jefferson, and oral argument by *Lynn F. Smith*.

For the respondents Herbert F. Bruch and State Farm Mutual Automobile Insurance Company there was a brief by *Roberts, Roe & Boardman,* and oral argument by *Walter M. Bjork,* all of Madison.

FAIRCHILD, J. Appellants contend that defendant Bruch was negligent as a matter of law and that the emergency doctrine should not have been applied exclusively to Bruch and that the damages were excessive.

When two automobiles approach or enter an intersection at approximately the same time, the driver of the car on the left is required by sec. 85.18 (1), Stats. 1945, to yield the right of way to the driver on the right. Sub. (4) of this same statute provides that upon entering an artery for through traffic the operator of any vehicle that has come to a full stop, "as well as operators of vehicles on such artery for through traffic, shall be subject to the provisions of subsection (1)."

When these rules are applied to the facts of this case, the errors relied upon by appellants entirely disappear.

Appellant's car was parked at a filling station when the Bruch car in which respondent Esther Schemm was riding approached the intersection. Appellant was observed by the driver of the Bruch car at all times. The evidence accepted by the jury as controlling required the finding made in the special verdict that the right of way was in Bruch, and that appellant's failure to recognize this and to yield the right of way was a failure to exercise ordinary care, and that such failure was a cause of the collision which resulted in injury to the re-

spondent. The two vehicles entered the intersection at approximately the same time, and the case is lacking in evidence of speed necessary to show a forfeiting of the right of way by the driver of the Bruch car.

Neither does this case appear to warrant the application of that part of the case of *Reynolds v. Madison Bus Co.* (1947) 250 Wis. 294, 26 N. W. (2d) 653, where it was held that a driver on the right, although he does not forfeit his right of way, may be negligent if he insists on claiming that right when it is evident that the driver on the left is not going to yield. Bruch was held to be without fault in the matter of management and control of his car, in the matter of keeping a proper lookout, and in the matter of his effort to escape from the predicament or emergency in which he was placed by appellant's acts. It appears, as the jury found, that Bruch was confronted with an emergency. The unexpected happening, the unforeseen occurrence creating the condition considered to be an emergency under the evidence in this case, arose because of appellant's entry into the intersection against regulations. The well-established rules of the road relied on by Bruch were so disturbed by the appellant's act that Bruch was obliged to meet the emergency. The road was wet; to attempt to stop by putting on the brakes was dangerous. He chose to escape in what seemed at the time a reasonable way by turning to the edge of the arterial highway. There is no reason to apply the emergency doctrine to Streim, for the situation was created by his negligence.

Although there is contradictory evidence as to the exact nature of respondent Esther Schemm's injuries, the jury was entitled to believe that her disabilities and pain and suffering were substantial and were caused by the accident. There appears to be no ground for holding that the damages awarded were excessive.

*By the Court.*—Judgment affirmed.